UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 20-4691 FMO (JPRx) | Date | June 8, 2020 |
|---|---|---|---|
| Title | Allied World Insurance Co., et al. v. Evanston Insurance Co., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Personal Jurisdiction and Venue

On May 27, 2020, Allied World Insurance Company ("Allied World") and Falkner Winery, Inc. ("Falkner") (collectively, "plaintiffs") filed a Complaint against Evanston Insurance Company ("defendant"), alleging claim for equitable indemnity, equitable contribution, breach of contract, and breach of the implied covenant and good faith and fair dealing. (See Dkt. 1, Complaint at ¶¶ 21-57). Plaintiff alleges that "this Court has diversity jurisdiction in this matter, as there is complete diversity of defendants, and the amount in controversy is in excess of $75,000." (Id. at ¶ 6). Plaintiff, however, does not allege any facts establishing that this court has personal jurisdiction over defendant, or that venue is proper in this judicial district. (See, generally, id.).

A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 571 U.S. 117, 126, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when defendants' contacts with the forum state are "so continuous and systematic as to render [them] essentially at home." Id. at 761 (quotation and alteration marks omitted). The court may assert specific personal jurisdiction over nonresident defendants if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. See id. The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 284, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

Plaintiffs generally allege that defendant issued a liability insurance policy naming Falkner as an insured, and subsequently refused to indemnify Falkner for claims brought against it. (See Dkt. 1, Complaint at ¶¶ 7-8, 13 & 15). Plaintiffs further allege that Allied World agreed to indemnify

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 20-4691 FMO (JPRx) | Date | June 8, 2020 |
|---|---|---|---|
| Title | Allied World Insurance Co., et al. v. Evanston Insurance Co., et al. | | |

Falkner for the claims at issue, and plaintiffs therefore both seek indemnification from defendant for fees and expenses incurred in connection with the settlement of these claims.  (See id. at ¶¶ 9, 14 & 16).  However, the Complaint lacks specificity as to defendant's connection to California.  Plaintiff alleges that defendant "is a corporation incorporated in the State of Illinois with its principal place of business in Illinois, which is licensed to conduct business in the State of California, in the County of Riverside."  (Id. at ¶ 3).  Plaintiff's allegations leave the court questioning whether defendant's contacts with California are "so continuous and systematic as to render [it] essentially at home" for purposes of establishing general personal jurisdiction.  See Daimler AG, 571 U.S. at 139, 134 S.Ct. at 761.  It is also unclear whether defendant is subject to specific personal jurisdiction because plaintiff does not allege how defendant purposefully availed itself of the privilege of conducting activities in California.  (See, generally, Dkt. 1, Complaint); Picot v. Weston, 780 F.3d 1206, 1212 (9th Cir. 2015) ("[A] contract alone does not automatically establish minimum contacts in the plaintiff's home forum.").  Further, plaintiff contends venue is proper in this District, but it is unclear in which judicial district "a substantial part of the events or omissions giving rise to the claim occurred[,]" 28 U.S.C. § 1391(b)(2), because plaintiff does not allege any facts showing that the events giving rise to this litigation occurred in this District.  (See, generally, Dkt. 1, Complaint).

      Based on the foregoing, IT IS ORDERED that no later than **June 22, 2020**, plaintiff shall file a First Amended Complaint setting forth allegations establishing that personal jurisdiction and venue are proper in this judicial district.  Plaintiff is reminded that the First Amended Complaint must comply with the requirements of Fed. R. Civ. Proc. 8.  Failure to file a First Amended Complaint by the deadline set forth above, shall be deemed as consent to the dismissal of the action for lack of personal jurisdiction, improper venue, and/or failure to comply with the orders of the court.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |