# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ALLIED WORLD INSURANCE COMPANY, a Delaware corporation; and FALKNER WINERY, INC., a California corporation,<br><br>         Plaintiffs,<br><br>   v.<br><br>EVANSTON INSURANCE COMPANY, an Illinois company, and DOES 1 through 10, inclusive,<br><br>         Defendant. | Case No.:  2:20-cv-04691-FMO-JPR<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiffs Allied World Insurance Company and Falkner Winery, Inc. ("Plaintiffs") and Defendant Evanston Insurance Company ("Evanston"), by and through their attorneys of record listed below, hereby enter the following Stipulation for Protective Order ("Protective Order"):

/ / /

/ / /

ClarkHill\68320\396812\261066595.v1-11/12/20

1. <u>INTRODUCTION</u>

    1.1  <u>PURPOSES AND LIMITATIONS</u>

      Disclosure and discovery in this action will involve production of information protected by the attorney-client privilege and attorney work product doctrine and will include confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file Confidential Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

    1.2 <u>GOOD CAUSE STATEMENT</u>

      The nature of this action is two-fold:  First, it is an action for indemnity and contribution in which plaintiff Allied World Insurance Company ("Allied World") seeks damages from Evanston on the ground that Evanston wrongly failed to participate in the defense and indemnification of purported mutual insured Falkner Winery, Inc. ("Falkner") in an underlying lawsuit entitled *Stoikoff v. Falkner Winery, Inc. et al.*, Riverside County Superior Court case no. MCC1800558 ("Underlying Action").  Second, it is an action for breach of contract and breach of the implied covenant of good faith and fair dealing in which plaintiff Falkner, a purported additional insured under an Evanston commercial general liability insurance policy, seeks damages from Evanston on the ground that Evanston allegedly failed to defend

2

**STIPULATED PROTECTIVE ORDER**

Case No.:  2:20-cv-04691-FMO-JPR

and indemnify Falkner in the Underlying Action.  Evaluating whether Evanston (a) must contributed to Allied World's defense and settlement of the Underlying Action on Falkner's behalf,  (b) breached its duties to defend and indemnify Falkner, or (c) breached its duty of good faith and fair dealing, will involve production of Evanston's claim file related to the Underlying Action and its underwriting file for the policy at issue, as well as communications between Evanston and its attorneys, as well as other Evanston claim files and underwriting files and documents reflecting the financial condition of Evanston, based upon the scope of discovery as defined by Plaintiffs but not agreed to by Evanston.

The issuance of this Protective Order will allow for efficiency in the discovery process and provide a mechanism by which discovery of relevant confidential information may be obtained in a manner that protects against risk of disclosure of such information to persons not entitled to such information.  Further, the issuance of this Protective Order will protect the Parties' interests by providing the Parties recourse in this Court in the event that a Party or Non-Party improperly handles non-public information protected by the attorney-client privilege, the attorney work product doctrine, or information that is otherwise confidential information that the parties have to exchange in the course of discovery propounded and depositions taken in this Action.

2.    DEFINITIONS

2.1 Action:  *Allied World Insurance Company et al. v. Evanston Insurance Company*, U.S. District Court, Central District of California, case no. 2:20-cv-04691-FMO-JPR.

2.2 Challenging Party:  a Party or Nonparty that challenges the designation of information or items under this Order.

**STIPULATED PROTECTIVE ORDER**
Case No.:  2:20-cv-04691-FMO-JPR

ClarkHill\68320\396812\261066595.v1-11/12/20

2.3 "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

2.4 Counsel:  Outside Counsel of Record and In-House Counsel (as well as their respective support staff).

2.5 Designating Party:  a Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery or subpoenas in this matter.

2.7 Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 In-House Counsel:  attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Nonparty:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.11    Party:  any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**STIPULATED PROTECTIVE ORDER**
Case No.:  2:20-cv-04691-FMO-JPR

ClarkHill\68320\396812\261066595.v1-11/12/20

2.12     Producing Party:  a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

2.13     Professional Vendors:  persons or entities that provide litigation support services (for example, photocopying, court reporting, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14     Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16     Parties:  all parties to this Action, including all of their officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their respective support staffs).

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also any information copied or extracted from Protected Material; all copies, excerpts, summaries, or compilations of Protected Material; and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition is the later of (1)

**STIPULATED PROTECTIVE ORDER**
Case No.:  2:20-cv-04691-FMO-JPR

ClarkHill\68320\396812\261066595.v1-11/12/20

dismissal of all claims and defenses in this Action, with or without prejudice, or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time under applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber the case-development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for that level of protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.5.2Except as otherwise provided in this Order, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

(a)  for information in documentary form (for example, paper or electronic documents but excluding transcripts of depositions or other pretrial or trial

**STIPULATED PROTECTIVE ORDER**
Case No.:  2:20-cv-04691-FMO-JPR

ClarkHill\68320\396812\261066595.v1-11/12/20

proceedings), the Producing Party must affix the legends "CONFIDENTIAL" and "SUBJECT TO PROTECTIVE ORDER" to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all material made available for inspection must be treated as "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIAL legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

(b)  for testimony given in depositions, hearings or other proceedings, the Designating Party must identify the Disclosure or Discovery Material that is protected on the record, before the close of the deposition. Any Party also may designate testimony that is entitled to protection by notifying all Parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "CONFIDENTIAL" thereafter.  Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody or control.  Unless otherwise indicated, all deposition transcripts shall be treated as "CONFIDENTIAL" for a period of thirty (30) days after the receipt of the transcript.  This preliminary treatment, however, shall not limit a deponent's right to review the transcript of his or her deposition under Federal Rule of

**STIPULATED PROTECTIVE ORDER**
Case No.:  2:20-cv-04691-FMO-JPR

ClarkHill\68320\396812\261066595.v1-11/12/20

Civil Procedure 30(e)(1).

(c)  for information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, must identify the protected portion(s).

5.3 If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for that material.  On timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Any Party or Nonparty may challenge a designation of confidentiality at any time consistent with the Court's scheduling order.

6.2 The Challenging Party must initiate the dispute-resolution process (and, if necessary, file a discovery motion) under Local Rule 37.

6.3 The burden of persuasion in any such proceeding is on the Designating Party. Frivolous challenges, and those made for an improper purpose (for example, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

/ / /

/ / /

8

**STIPULATED PROTECTIVE ORDER**
Case No.:  2:20-cv-04691-FMO-JPR

7.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of people and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner sufficiently secure to ensure that access is limited to the people authorized under this Order.

Any Protected Material that a Producing Party produces to a Receiving Party, whether produced as hard copies on paper or electronic copies on storage media such as CD-ROM, DVD or flash drive, shall be maintained by the Receiving Party and by any person or entity identified in paragraph 7.2 of this Order to whom the Receiving Party discloses any information or item designated as "CONFIDENTIAL" in a secure manner that ensures that access is limited to persons authorized under this order.

7.2 Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following people:

(a)  the Receiving Party and the Receiving Party's Outside Counsel of Record in this Action, as well as employees of the Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who agree to be bound by the terms of this Order;

9

**STIPULATED PROTECTIVE ORDER**

Case No.:  2:20-cv-04691-FMO-JPR

(c)  the Court and its personnel;

(d)  court reporters and their staff;

(e)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (attached as Exhibit A);

(f)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)  during their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that the witness may not retain information designated CONFIDENTIAL at the conclusion of the deposition.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Order; and

(h)  any mediator or settlement officer, and their supporting personnel, mutually agreed on by the Parties or appointed by the Court.

8.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must

(a)  promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order unless prohibited by law;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification must include a copy of this Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by

**STIPULATED PROTECTIVE ORDER**
Case No.:  2:20-cv-04691-FMO-JPR

ClarkHill\68320\396812\261066595.v1-11/12/20

the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order should not produce any information designated in this action as "CONFIDENTIAL" before a determination on the protective-order request by the relevant court unless the Party has obtained the Designating Party's permission.  The Designating Party bears the burden and expense of seeking protection of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.   <u>A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)  The terms of this Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL."  Such information is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

(b)  In the event that a Party is required by a valid discovery request to produce a Nonparty's Confidential Information in its possession and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's Confidential Information, then the Party must

(1)  promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(2)  promptly provide the Nonparty with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

11
**STIPULATED PROTECTIVE ORDER**
Case No.:  2:20-cv-04691-FMO-JPR

(3)  make the information requested available for inspection by the Nonparty, if requested.

(c)  If the Nonparty fails to seek a protective order within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's Confidential Information responsive to the discovery request.  If the Nonparty timely seeks a protective order, the Receiving Party must not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a ruling on the protective-order request.  Absent a court order to the contrary, the Nonparty must bear the burden and expense of seeking protection of its Protected Material.

10.  <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately notify the Designating Party in writing of the unauthorized disclosures, use its best efforts to retrieve all unauthorized copies of the Protected Material, inform the person or people to whom unauthorized disclosures were made of the terms of this Order, and ask that person or people to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.  <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This Order, once signed by the Court, shall constitute an order that the privilege or protection as to an inadvertently produced document is not waived

**STIPULATED PROTECTIVE ORDER**

Case No.:  2:20-cv-04691-FMO-JPR

by disclosure connected with the litigation pending before the Court and the disclosure is also not a waiver in any other federal or state proceeding.

12.   <u>MISCELLANEOUS</u>

12.1     Nothing in this Order abridges the right of any person to seek its modification by the Court.

12.2     By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3     A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied ==for a reason other than failure to comply with Civil Local Rule 79-5==, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.   <u>FINAL DISPOSITION</u>

This Protective Order shall continue to be binding after final disposition of this Action as provided in paragraph 4 above, except that a Party may seek the written permission of the producing Party or further order of the Court with respect to dissolution or modification of this Protective Order.

Within 30 days after final disposition of this action as provided in paragraph 4 above, all documents designated as containing "CONFIDENTIAL" Information, including copies, shall be returned to the Party or Producing Party who previously produced the document unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction of the

ClarkHill\68320\396812\261066595.v1-11/12/20

1  document to the extent practicable in lieu of return; or (3) as to documents bearing the
2  notations, summations, or other mental impressions of the receiving Party, that Party
3  elects to destroy the documents and certifies to the Producing Party that it has done so.
4  This provision does not apply to the Court or its staff.

5

6      14. <u>SANCTIONS</u>
7      Any willful violation of this Order may be punished by civil or criminal
8  contempt, financial or evidentiary sanctions, reference to disciplinary authorities, or
9  other appropriate action at the discretion of the Court.

10

11  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

12

13  Dated:  November 12, 2020            BLAU KEANE LAW GROUP, P.C.

14

15                              By:    <u>/s/  Ron L. Nelson</u>
16                                     David S. Blau
17                                     Ron L. Nelson
                                       Attorneys for Plaintiffs ALLIED WORlD
18                                     INSURANCE COMPANY and
19                                     FALKNER WINERY, INC.

20

21  Dated:  November 12, 2020            CLARK HILL, LLP

22

23                              By:    <u>/s/  David M. Plouff</u>
24                                     Gary A. Hamblet
                                       David M. Plouff
25                                     Attorneys for Defendant
26                                     EVANSTON INSURANCE
                                       COMPANY

27

28
                                        14
                      **STIPULATED PROTECTIVE ORDER**
                                        Case No.:  2:20-cv-04691-FMO-JPR

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated:  November 19, 2020

_____

Hon. Jean P. Rosenbluth
United States Magistrate Judge

**STIPULATED PROTECTIVE ORDER**

Case No.:  2:20-cv-04691-FMO-JPR

ClarkHill\68320\396812\261066595.v1-11/12/20

**SIGNATURE ATTESTATION**

I hereby attest that Ron L. Nelson, counsel for Plaintiffs, has stated to me that he concurs in the filing's content and has authorized the filing.


/s/  David M. Plouff
David M. Plouff

**STIPULATED PROTECTIVE ORDER**

Case No.:  2:20-cv-04691-FMO-JPR

ClarkHill\68320\396812\261066595.v1-11/12/20

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California on [date] in the case of _____ [**insert case name and number**]. I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

17

**STIPULATED PROTECTIVE ORDER**

Case No.:  2:20-cv-04691-FMO-JPR